Citation Nr: 1546229 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 08-35 171 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for hypertension, to include as due to presumed in-service exposure to herbicides such as Agent Orange.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel



INTRODUCTION

The Veteran served on active duty from June 1963 to October 1966, which included approximately one year of service in the Republic of Vietnam. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision issued in July 2008 by the St. Petersburg, Florida, Regional Office (RO) of the Department of Veterans Affairs (VA).

In April 2010, the Board remanded the instant claim, then referred to as a claim to reopen service connection for hypertension, for further development; in July 2013, the Board reopened and remanded the service connection claim for further development; and in December 2014, the Board denied service connection for hypertension. In June 2015, the parties to this appeal entered into a Joint Motion for Partial Remand (Joint Motion), agreeing to vacate the December 2014 Board decision on the basis that the Board relied on an insufficient medical opinion when denying service connection for hypertension. The United States Court of Appeals for Veterans Claims (Court) granted the Joint Motion in an Order issued in June 2015, and the case was returned to the Board for compliance with the mandates of the Joint Motion. 

In order to obtain an adequate medical opinion addressing the Veteran's theory that his hypertension is related to his presumed in-service Agent Orange exposure, in July 2015, the Board requested a medical expert opinion from the Veterans Health Administration (VHA) in accordance with 38 U.S.C.A. § 7109 and 38 C.F.R. § 20.901. As the medical opinion rendered in response to this request provides a basis for granting the benefit sought, the Board is proceeding with a disposition of the appeal without first apprising the Veteran of the content of the opinion, so as not to unnecessarily delay his award of benefits.

As referenced by the Board in December 2014, the issue of entitlement to service connection for skin cancer, squamous cell and basal cell carcinoma, as a result of in-service sun and herbicide exposure, has been implicitly reasserted through receipt of two medical opinions from private providers in May 2014. The Board denied entitlement by June 2013 decision; that decision is final. See 38 C.F.R. § 20.1100. Therefore, the claim is properly construed as a claim to reopen, and as the Board lacks jurisdiction, the claim is referred to the RO for appropriate action. 38 C.F.R. § 19.9(b) (2015). 


FINDING OF FACT

The Veteran served in the Republic of Vietnam, thereby establishing his presumed in-service exposure to Agent Orange, and a probative medical opinion links his currently-diagnosed hypertension to that presumed exposure.


CONCLUSION OF LAW

The criteria for service connection for hypertension, as due to presumed Agent Orange exposure, have been met. 38 U.S.C.A. §§ 1110, 1116 (West 2014), 38 C.F.R. §§ 3.303, 3.307, 3.309 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran is seeking service connection for hypertension, which he posits he developed as a result of his presumed exposure to Agent Orange during his year of Vietnam service.

In seeking VA disability compensation, a veteran generally seeks to establish that a current disability results from disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110. "Service connection" basically means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with active service in the Armed Forces, or if preexisting such service, was aggravated therein. 

Establishing service connection generally requires (1) evidence of a current disability; (2) evidence of in-service occurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303(a).

A veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the Vietnam era, shall be presumed to have been exposed during such service to a herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. The last date on which such a veteran shall be presumed to have been exposed to a herbicide agent shall be the last date on which he or she served in the Republic of Vietnam during the Vietnam era. "Service in the Republic of Vietnam" includes service in the waters offshore and service in other locations if the conditions of service involved duty or visitation in the Republic of Vietnam. 38 U.S.C.A. § 1116; 38 C.F.R. § 3.307(a)(6)(iii). 

The Veteran's DD Form 214 reflects that the Veteran served approximately one year in the Republic of Vietnam; thus, he is presumed to have been exposed to Agent Orange. As there is no affirmative evidence to the contrary, the Board finds that the Veteran's in-service exposure to herbicides such as Agent Orange is established.

If a veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases shall be service-connected if the requirements of 38 U.S.C.A. § 1116; 38 C.F.R. § 3.307(a)(6)(iii) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 U.S.C.A. § 1113; 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e).

While hypertension is expressly not a disease that will be presumed to be related to Agent Orange exposure, service connection for hypertension resulting from such exposure may nevertheless be established by probative medical evidence that establishes such a causal link. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). In that regard, the Board requested a VHA expert medical opinion exploring this theory of service connection, which was rendered by a VA physician specializing in internal medicine. 

When rendering this opinion in October 2015, the physician first acknowledged that the Veteran's in-service blood pressure readings were normal on both entrance to and separation from service and that the Veteran was diagnosed with hypertension approximately nine years after his separation from service, in 1975. The physician further acknowledged that hypertension is not among the list of diseases that studies determined occurred more frequently in a statistically quantifiable higher percentage of veteran, verses non-veteran, populations. Rather, medical studies concluded that there was a limited or suggestive correlation between Agent Orange exposure and an increased risk for developing hypertension; in other words, the association may be due to chance, confounding, and/or bias rather than to actual exposure. 

The physician further noted that the known risk factors for developing essential hypertension (the Veteran's form of hypertension, definitively diagnosed after extensive testing in 1977) include obesity, advanced age, race, and diabetes mellitus. However, the medical evidence reflects that the Veteran, who is a Caucasian, was of a young age, did not have diabetes mellitus, and had a body mass index indicating a normal weight at the time of his hypertension diagnosis in 1977. Thus, as he had no known risk factors (other than Agent Orange exposure) for developing hypertension at the time of his diagnosis, the physician determined that it is at least as likely as not that he developed hypertension in 1977 as a result of his presumed in-service exposure to Agent Orange. 

Given that a persuasive and probative October 2015 VHA opinion, which was rendered by a medical expert, predicated on an accurate medical history, and supported by a detailed rationale, links the Veteran's post-service hypertension to his presumed in-service Agent Orange exposure, a basis for granting service connection has been presented as the Board finds that his current hypertension is related to his military service. Thus, service connection for hypertension is warranted. 
ORDER

Service connection for hypertension, as related to presumed in-service Agent Orange exposure, is granted.




____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs